**Alberto M. FLORES, Plaintiff,**

v.

**EXECUTIVE OFFICE FOR THE UNITED STATES ATTORNEYS FREEDOM OF INFORMATION/PRIVACY ACT UNIT, Defendant.**

**No. CIV.A. 99–1930(RMU).**

United States District Court, District of Columbia.

Sept. 25, 2000.

Alberto M. Flores, Cumberland, MD, pro se.

Laura Allison Denk, U.S. Dept. of Justice, Office of Information and Privacy, Washington, DC, for defendant.

## MEMORANDUM OPINION

URBINA, District Judge.

### Granting the Defendant's Motion for Summary Judgment

### I. INTRODUCTION

This case comes before the court upon the defendant's motion for summary judgment. The plaintiff, Alberto Flores (the "plaintiff" or "Mr. Flores"), a *pro se* prisoner, brought this action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, as amended, and the Privacy Act of 1974, 5 U.S.C. § 552a, for access to certain records maintained by the Executive Office for the United States Attorneys ("EOUSA"). Specifically, the plaintiff sought grand jury materials relating to himself. The defendant moved for summary judgment, and the plaintiff filed an opposition. For the following reasons, the court will grant the defendant's motion for summary judgment.

### II. BACKGROUND

On December 28, 1998, the plaintiff sent a FOIA request to the defendant. He sought materials from the grand jury that indicted him in his 1997 criminal case, *United States v. Flores,* 97–cr–808 (S.D.Fla). *See* Compl. at 2; Mot. for Summ. J., Decl. of Suzanne Little, at 2. Specifically, the plaintiff wanted disclosure of: (1) the transcripts of testimony provid-ed by witnesses who appeared before the grand jury; (2) the ballots showing the grand jurors' votes on whether to return an indictment; and (3) the exhibits shown to the grand jury. *See* Compl. at 2.

The defendant denied the request on January 21, 1999. In a letter from Ms. Bonnie Gay ("Ms. Gay"), the Assistant Director of the EOUSA's Freedom of Information/Privacy Act Unit, the defendant informed Mr. Flores that FOIA provides only for the disclosure of "agency records," and since the grand jury was considered an arm of the court, it was not deemed an "agency." *See* Compl., Ex. B. In addition, Ms. Gay stated that grand jury material is also exempt from mandatory release pursuant to 5 U.S.C. § 552(b)(3) ("exemption 3"). *Id.* Explaining that exemption 3 blocks the release of "matters specifically exempted from disclosure by statute," Ms. Gay said that Federal Rule of Criminal Procedure 6(e) provides that grand jury proceedings shall be secret. Thus, she asserted, disclosure of grand jury information is prohibited by law. *See id.*

The plaintiff timely appealed the EOUSA determination to the Office of Information and Privacy, which affirmed on August 17, 1999. The plaintiff filed his complaint in this court, and the defendant now moves for summary judgment. The court will grant the defendant's motion.

### III. DISCUSSION

#### A. Legal Standard

Summary judgment is appropriate upon a finding that "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). The substantive law upon which a claim rests determines which facts are "material." *See Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). If a fact bears upon an essential element of the legal claim, then it is material; otherwise, it is not. *See id.; Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106

S.Ct. 2548, 91 L.Ed.2d 265 (1986). Only disputes over facts that can establish an element of the claim, and thus those that might affect its ultimate resolution, can create a "genuine issue" sufficient to preclude summary judgment. *See Anderson,* 477 U.S. at 248, 106 S.Ct. 2505; *Celotex,* 477 U.S. at 322, 106 S.Ct. 2548.

To prevail on a motion for summary judgment, the moving party must establish that there are no genuine issues of material fact and that the non-moving party has failed to offer sufficient evidence to support a valid legal claim. *See Anderson,* 477 U.S. at 256, 106 S.Ct. 2505; *Celotex,* 477 U.S. at 325, 106 S.Ct. 2548. In ruling on the motion, the court must accept the evidence of the non-moving party as true and must draw all justifiable inferences in favor of the non-moving party. *See Anderson,* 477 U.S. at 255, 106 S.Ct. 2505. It is not sufficient, however, for the non-moving party to establish "the mere existence of a scintilla of evidence in support of the [non-moving party's] position . . .; there must be evidence on which the jury could reasonably find for the [non-moving party]." *Id.* at 252, 106 S.Ct. 2505. If the evidence in favor of the non-moving party "is merely colorable, or is not significantly probative, summary judgment may be granted." *Id.* at 249–50, 106 S.Ct. 2505 (internal citations omitted).

### B. Defendant's Exemption 3 Argument

The gravamen of the defendant's argument centers on exemption 3 of the FOIA statute. In essence, the defendant contends that exemption 3 prevents disclosure of "materials specifically exempted from disclosure by statute" and, because Federal Rule of Criminal Procedure 6(e) provides that grand jury materials shall be secret, the defendant can properly withhold these materials from the public. See Def.'s Reply at 3–6. The court agrees.

As a preliminary matter, the parties do not dispute that Rule 6(e) qualifies as a statute for purposes of exemption 3. *See* Pl.'s Opp'n at 4; Def.'s Reply at 3. As

courts in this circuit have held, "[w]hile most of the rules contained in the Federal Rules of Criminal and Civil Procedure would not qualify as a 'statute' under exemption 3, Rule 6 does because it was enacted by Congress." *Benitez v. Department of Treasury,* Civ. Action No. 97–0043(RMU), slip op. at 4 (D.D.C. Jan. 29, 1999) (Urbina, J.). In the case at bar, then, the debate revolves around what Rule 6(e) covers.

According to the plaintiff, "if the matters do not disclose the inner workings of the grand jury, there is no prohibition/exemption of the records." Pl.'s Opp'n at 4 (citing *Fund for Constitutional Gov't v. National Archives and Records Service,* 656 F.2d 856, 870 (D.C.Cir.1981); *S.E.C. v. Dresser Indus., Inc.,* 628 F.2d 1368, 1382 (D.C.Cir.1980)). As a result, the plaintiff contends that Rule 6(e) does not provide for complete exemption of all materials. For example, he asserts that "[t]he ballots of the grand jurors would not provide any information into the inner workings of grand jury process [sic]." Pl.'s Opp'n at 4. Mr. Flores, however, misapplies the rule.

The EOUSA has the more compelling argument that Rule 6(e) covers the materials Mr. Flores sought:

> Indeed, there are perhaps no records more likely to reveal the "inner workings" of a grand jury than transcripts of grand jury testimony, which provide a precise accounting of events that occur before the grand jury. Plaintiff provides no legal authority that would support a finding that grand jury transcripts fall outside the scope of Rule 6(e). Instead, each of the cases plaintiff cites on this issue in his opposition mentions grand jury testimony or transcripts as exactly the type of grand jury record that falls within Rule 6(e)'s prohibition on disclosure.

Def.'s Reply at 4 (citing, *inter alia, Senate of P.R. v. United States Dep't of Justice,* 823 F.2d 574, 582 (D.C.Cir.1987) (holding that "the touchstone is whether disclosure

would 'tend to reveal some secret aspect of the grand jury's investigation' such matters as 'the identities of witnesses or jurors, the substance of testimony, the strategy or direction of the investigation, the deliberations or questions of jurors, and the like.' " (citations omitted))).

Accordingly, the materials Mr. Flores sought fell into the precise category of documents that the D.C. Circuit has said should not be disclosed under Rule 6(e). As this court found in *Benitez*, due to "the implication that its disclosure would reveal some secret nature of the grand jury proceedings, the court finds that defendant has adequately justified its withholding on the grounds of exemption 3." Civil Action No. 97–0043, slip op. at 4. The same logic applies to the instant case. Thus, because Rule 6(e) prohibits the disclosure of the materials the plaintiff sought, the defendant properly withheld these materials under FOIA's exemption 3.

## IV. CONCLUSION

For the reasons stated above, the court will grant the defendant's motion for summary judgment. An Order consistent with this Memorandum Opinion is separately and contemporaneously issued this ____ day of September, 2000.